## NOBLE *v*. BURTON.

COMPLAINT.—*Bill of Particulars.*—*Acceptance.*—A complaint for money had and received, a bill of particulars filed therewith being an unaccepted order drawn by a third person on his agent, the defendant, in favor of the plaintiff, not alleging an acceptance or a knowledge of the order by the defendant, is bad on demurrer.

SAME.—A bill of particulars filed with a complaint is part thereof.

APPEAL from the Marion Civil Circuit Court.

PETTIT, J.—This suit was brought by the appellee against the appellant, on the following complaint:

George H. Burton complains of Alanson F. Noble, and says that defendant owes him one hundred dollars, money received by defendant for the use of the plaintiff, which is due and remains unpaid. A bill of particulars is filed herewith. Wherefore, plaintiff prays judgment for one hundred and fifty dollars. Bill of particulars:

"Alanson F. Noble to George H. Burton, Dr.

"Amount collected on instrument described below, $100.

" 'INDIANAPOLIS, IND., Aug. 1st, 1866.

" 'Received of John A. Bates, Esq., his discharge as private, Co. G, Third Indiana Cavalry. Bounty, $100.

" 'A. F. NOBLE, per Smith.'

" 'April 11th, 1867. When my claim for bounty is paid, Mr. Noble will hand the proceeds to Mr. G. H. Burton.

" 'JOHN A. BATES.' "

A demurrer to this complaint, for want of sufficient facts, was overruled, and exception taken. This ruling is assigned for error.

The receipt of Noble and the order of Bates to Burton on Noble are parts of the complaint, and there is no averment that Noble had any knowledge of, or had accepted, the order, or that a demand for payment had been made upon him for the money by Burton; and we hold that the complaint cannot be good without showing that Noble had accepted the order, or had some knowledge of its existence.

This makes it unnecessary to quote or cite the numerous acts of congress forbidding and rendering void all sales, transfers, barters, or assignments of claims against the United States, and particularly those which forbid the sale, barter, or transfer of bounty claims for services in the late civil war.

The case was tried by the court, and there was a finding and judgment for the appellee; and it is due to Mr. Noble to say that the court found specially, among other things, that he had received the money and had paid it over to Bates, the discharged soldier.

This is a case that we would be willing to elaborate at great length (if we were not overwhelmed with business), showing the purpose, object, and propriety of the acts of Congress to prevent harpies and speculators from preying upon the necessities of discharged soldiers, who had served the country in its time of need.

The demurrer to the complaint should have been sustained.

The judgment is reversed, at the costs of the appellee.

*C. W. Smith*, for appellant.

*G. T. Morton* for appellee.